UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Bernard Makau Kayiji, )
)
    Plaintiff, )
)
v. ) Civil Action No. 17-959 (UNA)
)
Muriel Bowser *et al.*, )
)
)
    Defendants. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* (IFP). Under the statute governing *in forma pauperis* proceedings, the Court is required to dismiss a case "at any time" it determines that the action, among other grounds, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff sues District of Columbia Mayor Muriel Bowser, a retired detective and a current detective of the Metropolitan Police Department ("MPD"), an MPD FOIA Specialist, the director of the District's Department of Consumer and Regulatory Affairs, and an assistant United States attorney ("AUSA"). He invokes 42 U.S.C. § 1983 as the basis of federal court jurisdiction. Section 1983 authorizes a personal-capacity suit for damages against an individual who is alleged to have violated one's rights under the Constitution or federal law while acting under color of state law. Plaintiff also invokes D.C. Code § 22-3227.08, which states that MPD "shall make a report of each complaint of identity theft and provide the complainant with a copy

1

of the report." He seeks $40 million in monetary relief and "[a]n order placing Plaintiff in the position [that] he would have been had there been no violation of his rights." Compl. at 9.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The instant complaint is difficult to follow, but plaintiff essentially is dissatisfied with the manner in which MPD and the U.S. Attorney's office handled his December 2013 report of "the crimes of identity theft and fraud[.]" Compl. at 5.

### 1. No claim is stated against Mayor Bowser

At the outset, the court has carefully reviewed the complaint's allegations as they pertain to each defendant. It finds that no allegations have been made against Mayor Bowser in either her individual capacity or her official capacity.

### 2. No claim is stated against the MPD Defendants

Plaintiff alleges that the detective to whom he made the report, Joseph Oh, failed to investigate his complaint and, "most importantly," failed to provide him with a written report as required by law. In addition, plaintiff seems to fault Oh for allegedly informing him in January 2014 that the AUSA had "refused to take [his] case" and had suggested that he pursue a civil case against "the suspect." Compl. at 5. Plaintiff states that he is "pressing . . . charges" against Detective Oh for "deceipt [sic] by false pretense [sic] . . . gross negligence and . . . obstruction of justice." *Id*. The purported claims are not cognizable under § 1983, and they are otherwise barred by the District's three-year statute of limitations. *See Sykes v. U.S. Attorney for the D.C.*, 770 F. Supp. 2d 152, 155 (D.D.C. 2011) (Under D.C. Code § 12-301(8), "[n]egligence and gross negligence have a three-year statute of limitations.") (citing *Rochon v. FBI*, 691 F. Supp. 1548,

2

1562-63 (D.D.C. 1988)). Consequently, as to defendant Oh, the complaint is dismissed with prejudice.

In 2016, plaintiff met with Detective Michael J. Milochik, who allegedly had inherited plaintiff's case after Detective Oh retired. Plaintiff claims that Detective Milochik "denigrated" him "by calling my suffering a game" and stating "I am not going to play these games with you. Your case is closed." Compl. at 7. According to plaintiff, Milochik further informed him that there would be no arrest. *Id.* Plaintiff questions why Milochik would "willfully and intentionally add his name[] to the report in a [closed] case[.]" *Id.* Thus he is "pressing charges" against Milochik for "police cover up . . . falsification of material facts in a Police report [and] Police misconduct and/or intimidation." *Id.* None of those purported claims is cognizable under § 1983.

Allegedly at Milochik's suggestion, plaintiff filed a FOIA request with MPD in April 2016 "for the Investigation Report written and filed by Detective Joseph Oh . . . between . . . December 23, 2013 and January 30, 2014, regarding my case that was supposedly 'closed.'" *Id.* Plaintiff received the report on August 4, 2016. Nevertheless, he faults FOIA Specialist Lisa Archie-Mills for informing him "on the 15th day [when] [he] was supposed to have received the report" that she was extending the time to process his request "because she was going on vacation," as opposed to "to do[ing] more research or request[ing] more information" to fulfill his FOIA request. Compl. at 7. Thus, plaintiff is "pressing charges" against Archie-Mills for "delaying justice . . . being [an] accomplice to report a falsified report and . . . police intimidation[.]" *Id.* Such claims are not cognizable under § 1983.

3

### 3. Plaintiff has sued an immune defendant

Plaintiff faults the AUSA for declining to prosecute his case. *See id.* at 5-6. He claims that he is "pressing charges" against her for "Abrogation of duty, . . . aiding and abetting falsehood, . . . fabricating false facts, . . . abuse of power, . . . obstruction of justice, [and for] her decision to refuse my case yet summarily sign a non-report was discriminatory." *Id.* at 6. But prosecutors enjoy absolute immunity from lawsuits based on decisions reached during the performance of their prosecutorial functions, which include whether to prosecute a case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983").

### 4. The Consumer and Regulatory Affairs Department is *non sui juris*

Finally, plaintiff faults the District's Consumer and Regulatory Affairs office apparently for renewing the business license of the individual who allegedly stole plaintiff's identity. *See* Compl. at 7-8. Therefore, plaintiff is "pressing . . . charges" against that entity for "rendering services to a criminal . . . gross negligence in the performance of their duty; and . . . failure to adequately investigate a reported fraud complaint." *Id.* at 8. None of those purported claims is cognizable under § 1983. Most importantly, as a department of the District of Columbia government, this defendant "lack[s] the legal capacity to . . . be sued." *Foggy Bottom Ass'n v. D.C. Office of Planning*, 441 F. Supp. 2d 84, 88 (D.D.C. 2006) (citing cases).

### 5. Conclusion

For all of the foregoing reasons, the court concludes that certain named defendants are not subject to this lawsuit and plaintiff has otherwise failed to state a federal claim. Pursuant to 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over any non-

4

federal claims. Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: June __, 2017